**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| TIONA CAIN, | ) ) ) |
| *Plaintiff*, | ) ) |
| v. | ) Case No.: |
| EIG SERVICES, LLC, | ) ) ) |
| *Defendant*. | ) ) |

**COMPLAINT IN CIVIL ACTION**

Plaintiff, Tiona Cain, through the undersigned counsel, now files this Complaint in Civil Action averring as follows:

**PARTIES**

1.      Plaintiff, Tiona Cain ("Plaintiff"), is an African American individual who resides in Turtle Creek, Pennsylvania.

2.      Defendant, EIG Services LLC ("Defendant"), is a domestic limited liability company formed in the Commonwealth of Pennsylvania.  Defendant maintains a principal place of business and registered office at 2500 Mosside Boulevard, Monroeville, Pennsylvania 15146.

**JURISDICTION AND VENUE**

3.      This Court possesses subject matter jurisdiction over this matter ("Federal Question Jurisdiction"), because the claims implicate a federal question as they arise under federal law.  28 U.S.C. § 1331.

4.      Specifically, Plaintiff brings claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. ("Title VII") (the "Federal Law Claims").

5. Plaintiff is also advancing claims under the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.* (the "PHRA") (the "State Law Claims").

6. This Court may exercise supplemental jurisdiction over the State Law Claims because they form part of the same case or controversy as the Federal Law Claims. *See* 28 U.S.C. § 1367(a).

7. Venue is proper in the United States District Court for the Western District of Pennsylvania, Pittsburgh Division (the "Western District") as a substantial part of the events and omissions giving rise to the Federal Law Claims occurred within this judicial district.

8. This Court may exercise personal jurisdiction over Defendant pursuant to 42 Pa. C.S. § 5301(a)(3), and this Court's exercise of jurisdiction over Defendant complies with the Due Process Clause of the United States Constitution.

9. Under 42 Pa.C.S. § 5301(a)(3), this Court may exercise personal jurisdiction over a limited liability company where the company maintains any of the following:

> (i) formation under or qualification as a foreign entity under the laws of this commonwealth.
> (ii) Consent to the extent authorized by the consent.
> (iii) The carrying on of a continuous and systematic part of its general business within this commonwealth.

42 Pa.C.S. § 5301(a)(3).

10. Defendant is registered as a domestic limited liability company formed in the Commonwealth of Pennsylvania in satisfaction of Pa.C.S. § 5301(a)(3)(i).

11. Accordingly, Defendant may properly be brought before this Court pursuant to 42 Pa.C.S. § 5301(a).

## FACTUAL BACKGROUND

12. On July 20, 2025, Plaintiff began working with Defendant as a "Direct Support Professional."

13.     Plaintiff's duties included providing support to individuals with intellectual disabilities; assisting with daily living activities; and maintaining the residence of the client Defendant assigned her to work with.

14.     Plaintiff was paid $16.00 per hour and typically worked 40 hours per week.

15.     Plaintiff's primary assignment was at a Defendant-operated home where Defendant's client, John Doe ("Mr. Doe")[1] lived.

16.     From July 20, 2025, to December 2025, Plaintiff worked with Mr. Doe without issue in the ordinary course of Mr. Doe's daily living activities.

17.     In late December 2025, Mr. Doe developed racially motivated behaviors, and he began degrading and making derogatory comments concerning African American individuals.

18.     At this time, Mr. Doe directed these comments toward Plaintiff and her African American coworker, "Nicole" (last name unknown) ("Nicole") because of their race.

19.     In response to Mr. Doe's racially motivated behavior, Plaintiff and Nicole began to fear for their physical safety and mental well-being in the course of their daily working activities.

20.     Accordingly, Plaintiff and Nicole reported Mr. Doe's aggressive and race-based behavior to Defendant.

21.     On or about January 1, 2026, Plaintiff's manager, Angelica Laney ("Ms. Laney"), sent Plaintiff a text message in which Ms. Laney informed Plaintiff that she would be transferred out of Mr. Doe's home because of his racially offensive actions.

22.     However, Defendant failed to identify a date certain for this transfer.

23.     In doing so, Defendant knowingly subjected Plaintiff to continued instances of Mr. Doe's racial harassment.

---

[1] Mr. Doe has been anonymized to protect the patient's privacy.

24.     On January 8, 2026, Plaintiff reported to Mr. Doe's home for her shift.

25.     At this time, Mr. Doe engaged in another aggressive tirade toward Plaintiff in which he began verbally assaulting her; calling her variations of the word "*nigger*"; and yelling profanities and expletives at her endlessly.

26.     Plaintiff immediately became fearful of her physical safety, secured herself in the staff office, and locked the door.

27.     In response, Mr. Doe began aggressively hitting the door with his fists while he continued yelling slurs and profanities.

28.     Once inside the office, Plaintiff contacted Ms. Laney, reported that she was being physically attacked, reported the racial slurs Mr. Doe was using, and requested immediate assistance.

29.     Ms. Laney arrived at the house shortly thereafter, and Plaintiff left without finishing her shift as the house was a clear and present danger to Plaintiff's physical well-being.

30.     The following day, on January 9, 2026, Defendant's human resources agents "Jared" (last name unknown) ("Jared") and "Heather" (last name unknown) ("Heather") called Plaintiff and informed her that Defendant was terminating her employment.

31.     Plaintiff was stunned and asked about her report of racial mistreatment and slurs from the day before.

32.     Defendant refused to acknowledge Plaintiff's report and simply reiterated that she was terminated effective immediately.

**COUNT I**
**RETALIATION IN VIOLATION OF TITLE VII AND THE PHRA**
**42 U.S.C. § 2000e, *et seq.*; 43 P.S. § 951, *et seq.***

33.     Plaintiff incorporates the allegations contained in the paragraphs above, as if fully set forth at length herein.

34.     Title VII makes it illegal for an employer to discriminate against an employee because the employee opposed a practice made unlawful by Title VII.  *See* 42 U.S.C. § 2000e-3(a).

35.     In late December 2025, Plaintiff, in tandem with her coworker Nicole, reported Mr. Doe's racially offensive comments to Ms. Laney.

36.     On January 8, 2026, Plaintiff reported the discriminatory conduct perpetrated by Mr. Doe.

37.     At this time, in the midst of being attacked by Mr. Doe, Plaintiff reported that Mr. Doe called her racially offensive slurs and that she was fearful for her physical safety.

38.     In doing so, Plaintiff opposed Mr. Doe's discriminatory conduct and engaged in protected activities for purposes of her *prima facie* case.

39.     On January 9, 2026, the day following Plaintiff's second report of discrimination, Defendant terminated Plaintiff's employment which constituted an adverse employment decision.

40.     Given the close temporal proximity that exists from Plaintiff's reports concerning the discriminatory comments to the time Defendant terminated Plaintiff, a natural and sustainable inference of retaliation arises.

41.     Further, Plaintiff's employment was terminated without a legitimate non-retaliatory reason.

5

42.     Defendant's retaliation was intentional and taken with reckless indifference to Plaintiff's federally protected right to not be retaliated against for opposing conduct made illegal under Title VII.

43.     As a direct and proximate result of Defendant's conduct described hereinabove, Plaintiff has suffered not only tangible economic loss in the form of lost front and back pay and corresponding benefits, but also substantial emotional and physical distress, embarrassment and humiliation, pain and suffering, and is entitled to compensatory damages for these injuries, in addition to the tangible economic losses she suffered and will continue to suffer.

44.     WHEREFORE, Plaintiff, Tiona Cain, seeks the damages set forth in the *ad damnum* clause of this Complaint in Civil Action, *infra*.

**COUNT II**
**HOSTILE WORK ENVIRONMENT**
**IN VIOLATION OF TITLE VII AND THE PHRA**
**42 U.S.C. § 2000e, *et seq*. and 43 P.S. § 951, *et seq*.**

45.     Plaintiff incorporates the allegations contained in the paragraphs above, as if fully set forth at length herein.

46.      Title VII prohibits employers from discriminating against employees on the basis of their race, color, ethnicity, and national origin.  42 U.S.C. § 2000e-2(a).

47.     This extends to prohibiting hostility or abuse within the work environment where those hostilities are predicated on the protected characteristics identified within Title VII.   *See Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 106 S. Ct. 2399 (1986).

48.     In December 2025, Mr. Doe began promulgating derogatory and offensive comments regarding Plaintiff's race and African American individuals in general.

49.     In January 2026, Mr. Doe called Plaintiff racial slurs; attempted to physically attack Plaintiff; and yelled profanities at her.

50. Mr. Doe would not have engaged in this conduct if Plaintiff was of another racial background.

51. As averred above, from December 2025 through January 2026, Mr. Doe perpetuated discriminatory comments directed to Plaintiff.

52. Mr. Doe's remarks consisted of denigrating an entire race of individuals and the most heinous slurs existing in contemporary society.

53. The quality and quantity of the statements perpetuated by Mr. Doe rendered the discrimination Plaintiff endured both "severe" and "pervasive" for purposes of Plaintiff's *prima facie* burden.

54. The discriminatory comments averred above caused Plaintiff emotional distress, annoyance, embarrassment, and anguish.

55. In light of the nature, severity, and frequency of Defendant's discriminatory conduct, a reasonable person in Plaintiff's position would also have experienced similar reactions of emotional distress.

56. At all times relevant hereto, Plaintiff's supervisor, Ms. Laney exercised organizational authority over Plaintiff.

57. In or around late December 2025, Plaintiff and Nicole reported Mr. Doe's racially offensive conduct to Ms. Laney.

58. In January 2026, Ms. Laney informed Plaintiff that Plaintiff would be transferred eventually to avoid subjecting Plaintiff to further racial tirades.

59. However, Defendant failed to effectuate the transfer; failed to identify a date certain for the transfer; and failed to take any remedial measures to ensure Mr. Doe refrained from engaging in further racially discriminatory conduct.

7

60.     In doing so, Defendant knowingly assigned Plaintiff to a work environment where she would endure racial harassment and additional acts of discrimination.

61.     Given Defendant's explicit knowledge of the harassment, the resulting hostile work environment was intentional in violation of Title VII and/or the PHRA and warrants the recovery of punitive damages.

62.     At all times material, Defendant acted with the knowledge that it was lawfully required to provide a workplace free of discrimination to individuals like Plaintiff who were statutorily protected by Title VII.

63.     As a direct and proximate result of Defendant's discriminatory conduct in violation of Title VII and the PHRA, Plaintiff has suffered not only tangible economic loss in the form of lost back pay and benefits and lost front pay and benefits, but also substantial emotional and physical distress, embarrassment and humiliation, pain and suffering, and is entitled to compensatory damages for these injuries, in addition to the tangible economic losses she suffered and will continue to suffer.

64.     WHEREFORE, Plaintiff, Tiona Cain, seeks the damages set forth in the *ad damnum* clause of this Complaint in Civil Action, *infra*.

### COUNT III
### DISCRIMINATION IN VIOLATION OF TITLE VII AND THE PHRA
### 42 U.S.C. § 2000e, *et seq*. and 43 P.S. § 951, *et seq.*

65.     Plaintiff incorporates the above paragraphs, as if fully set forth at length herein.

66.     Title VII prohibits employers from discriminating against employees on the basis of race, ethnicity, and/or national origin.  42 U.S.C. § 2000e, *et seq*.

67.     As averred above, Plaintiff is an African American individual and therefore within a protected class.

68. Plaintiff possessed and exhibited the skill, experience, and ability needed to perform the essential functions of the "Support Professional" position.

69. As averred above, on January 8, 2026, Defendant's client Mr. Doe engaged in a racially motivated attack directed toward Plaintiff.

70. Mr. Doe's attack was predicated on and motivated by Plaintiff's race.

71. During the attack, Plaintiff called Defendant for help and shortly thereafter Ms. Laney arrived to deescalate Mr. Doe.

72. On January 9, 2026, Defendant terminated Plaintiff.

73. In terminating Plaintiff, due to being the victim of a racially motivated attack perpetuated by one of Defendant's clients, a natural and sustainable inference arises that Defendant unlawfully considered Plaintiff's race when evaluating whether or not Plaintiff should be terminated.

74. Upon information and belief, had Plaintiff been of another race, Defendant would not have terminated her.

75. At all times material, Defendant acted with the knowledge that it was lawfully required to provide a workplace free of discrimination to individuals like Plaintiff.

76. In terminating Plaintiff, Defendant acted both with malice and reckless indifference to Plaintiff's federally protected rights, and Defendant's actions warrant Plaintiff's recovery of punitive damages.

77. As a direct and proximate result of Defendant's conduct described hereinabove, Plaintiff has suffered not only tangible economic loss in the form of lost back pay and benefits and lost front pay and benefits, but also substantial emotional distress, embarrassment and humiliation,

pain and suffering, and is entitled to compensatory damages for these injuries, in addition to the tangible economic losses she suffered and will continue to suffer.

78.    WHEREFORE, Plaintiff, Tiona Caine, seeks the damages set forth in the *ad damnum* clause of this Complaint in Civil Action, *infra*.

## JURY DEMAND

79.    Plaintiff demands a trial by jury on all matters so triable.

## *AD DAMNUM* CLAUSE

80.    For the above stated reasons, Plaintiff, Tiona Cain, respectfully requests the United States District Court for the Western District of Pennsylvania to enter judgment in her favor, and against Defendant, EIG Services LLC, and prays for relief as follows:

    a.  Declare and find that Defendant committed one or more of the following acts:

        i.    Violated Title VII and the PHRA in terminating Plaintiff because of her protected activities;

        ii.    Violated Title VII and the PHRA in subjecting Plaintiff to a hostile work environment; and

        iii.    Violated Title VII and the PHRA in terminating Plaintiff because of her race.

    b.  Award equitable relief in the form of back pay and front pay;

    c.  Award compensatory damages, including but not limited to past and future pecuniary and non-pecuniary losses, including suffering, mental anguish, inconvenience, and loss of enjoyment of life;

    d.  Award punitive damages to Plaintiff in an amount to be determined at trial and in an amount sufficient to deter Defendant from engaging in future conduct of a similar nature;

10

e.  Award pre-judgment and post-judgment interest where accorded by law;

f.  Award reasonable attorney's fees and costs of suit;

g.  Award injunctive and other equitable relief as provided by law; and

h.  Award such other and further relief as this Court deems just, equitable, and proper.

Date: July 30, 2026                                    Respectfully submitted,

                                                       **STEENLAND LAW, PLLC**

                                                       By: */s/ Kyle H. Steenland*
                                                       Kyle H. Steenland (Pa Bar No. 327786)

                                                       Steenland Law, PLLC
                                                       1575 McFarland Road, Suite 212
                                                       Pittsburgh, PA  15216
                                                       Phone: 412.368.2324
                                                       Fax: 412.214.9182
                                                       E-mail: kyle@steenlandlaw.com

                                                       *Counsel for Plaintiff,*
                                                       *Tiona Cain*

**VERIFICATION**

I, Tiona Cain, have read the foregoing Complaint in Civil Action and verify that the statements therein are correct to the best of my personal knowledge, information and/or belief. I understand that this verification is made subject to the penalties of 18 Pa. C.S.A. 4904 relating to unsworn falsification to authorities, which provides that if I knowingly make false averments, I may be subject to criminal penalties.

Dated: _____

*Tiona S Cain*
ID 5WLii4ijuT1hJ5xqovmdQH8c

Tiona Cain

12